IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC,  §<br>    Plaintiff,  §<br>  §<br>v.  §<br>  §<br>AAA WORLDWIDE FINANCIAL CO.,  §<br>D/B/A WORLDWIDE MORTGAGE CO.  §<br>and LONG TIDE PROPERTIES, LTD.,  §<br>    Defendants.  § | Civil Action No. 3:18-CV-1655-K-BH<br><br><br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is the plaintiff's *Third Amended Motion for Default Judgment as to Defendant AAA Worldwide Financial Co. d/b/a Worldwide Mortgage Co. and Brief in Support,* filed February 14, 2020 (doc. 30). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

This is a quiet title case involving real property located at 1772 FM 2727, Kaufman, Texas 75142 (the Property). (doc. 29 at 2.)[2] On or about March 24, 2008, Brandi Rae Monzingo and Kermitt Lee Monzingo (Borrowers) entered into a Residential Construction Contract (with Transfer of Lien to Lender) (Construction Contract) with Long Tide Properties, Ltd. (Long Tide) for construction on the Property. (*Id.* at 38-46.) They contemporaneously executed a residential construction note (Construction Note) that granted Long Tide a mechanics and materialmens' lien on the Property in the amount of $165,800.00. (*Id.* at 39.) Long Tide endorsed the Construction

---

[1] By *Special Order No. 3-251*, this case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Note to AAA Worldwide Financial Co. d/b/a Worldwide Mortgage Co. (Defendant), and transferred and assigned the Construction Contract to it in consideration for payment of the $165,800.00 contract price. (*Id.* at 40.) Under the terms of the Construction Note, Defendant was subrogated to all the rights and equities of Long Tide, and to the extent Long Tide received less than all of the contract price, it would retain a second, subordinate and inferior lien to the Property. (*Id.*) On the same day, Borrowers executed a Deed of Trust (First Deed of Trust) that granted Defendant a security interest in the Property to secure repayment under the "Residential Construction Note in the amount of $163,238.00 payable to the order of [Long Tide] and assigned therein to [Defendant]." (*Id.* at 48-61.)

On October 6, 2008, Ms. Monzingo executed a Note (Renewal Note) in favor of Defendant in the original principal amount of $164,870.00. (*Id.* at 9-12.) On the same day, Borrowers executed a Deed of Trust (Second Deed of Trust) that granted a security interest in the Property to Defendant to secure repayment under the Renewal Note. (*Id.* at 14-28.) The Renewal and Extension Exhibit attached to the Second Deed of Trust stated that "[t]he Note is in renewal and extension, but not in extinguishment, of the indebtedness described on the attached Renewal and Extension Exhibit which is incorporated by reference." (*Id.* at 25.) It did not specifically reference the First Deed of Trust, however. A Settlement Statement dated October 6, 2008, shows that Defendant was paid $161,303.36, which was the total loan payoff owed under the First Deed of Trust. (*Id.* at 63, 65.)

Defendant assigned the Renewal Note to GMAC Bank, as reflected in an allonge to the Renewal Note. (*Id.* at 11.) GMAC Bank later assigned the Renewal Note to GMAC Mortgage, LLC (GMAC Mortgage), as reflected in a second allonge to the Renewal Note, which then assigned the Renewal Note again to Plaintiff, as reflected in a third allonge to the Renewal Note. (*Id.* at 12.)

Plaintiff subsequently endorsed the Renewal Note in blank and alleges that it is the current holder of the Renewal Note. (*Id.* at 3, 12.) On August 31, 2010, the Second Deed of Trust was transferred to GMAC Mortgage, as reflected in the Assignment of Deed of Trust executed by Mortgage Electronic Registration Systems, Inc., as nominee for Defendant. (*Id.* at 30-32). GMAC Mortgage subsequently assigned the Second Deed of Trust to Plaintiff on June 17, 2013. (*Id.* at 34-35.)

On June 25, 2018, Plaintiff filed this suit to quiet title on the Property in its favor. (*See* doc. 1.) Summonses were issued for Long Tide and Defendant on June 25, 2018. (doc. 5.) On August 28, 2018, the Court granted Long Tide's and Plaintiff's joint motion for entry of an agreed partial judgment dismissing Long Tide from this action. (docs. 6-8.) Plaintiff properly served Defendant on October 21, 2018. (doc. 12.) Defendant has not filed any responsive pleadings in this action, and a Clerk's Entry of Default was entered against it on December 21, 2018. (doc. 13.)

On December 2, 2019, Plaintiff filed an amended complaint. (doc. 29.) It seeks a declaration that it is owner and holder of the Renewal Note, beneficiary of the Second Deed of Trust, and a "mortgagee" as defined under Texas Property Code § 51.0001(4). (doc. 30 at 3.) It also seeks judgment to "quiet title as to Defendant for its unreleased lien which creates a cloud on title." (*Id.*)

## II. MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment under Rule 55 of the Federal Rules of Civil Procedure. (doc. 30.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R.

3

Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141. Here, because Defendant has failed to plead or otherwise defend, and Plaintiff has obtained an entry of default against it, the first two requisites for a default judgment have been met. (docs. 12, 15.) Remaining for determination is whether a default judgment is warranted.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation and quotation omitted). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

When determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-

4

harmed-me accusation," but "detailed factual allegations" are not required. *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id*. at 498. Recognizing that "a defendant must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's inaction," the Fifth Circuit has "decline[d] to import Rule 12 standards into the default-judgment context." *Id*. at 498 n.3.

The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). In determining whether the entry of a default judgment is appropriate, courts look to whether default judgment is procedurally warranted, whether the plaintiff's complaint provides a sufficient factual basis for the plaintiff's claim for relief, and whether the requested relief is appropriate. *See J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (citing *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

A.   **Procedural Requirements**

Courts consider numerous factors in deciding whether to grant a motion for default judgment. 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2685 (3d ed. 1998). The applicable factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice

to the plaintiff due to the delay; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see Lindsey*, 161 F.3d at 893 (citing 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685); *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (same).

Plaintiff seeks a declaration that it is "the mortgagee of the Security Instrument at issue in this lawsuit," as well as a judgment that it holds a superior lien to the Property and that Defendant's lien is released as a cloud on title. (docs. 29 at 6; 30 at 10.) Plaintiff attaches copies of the Construction Contract, First Deed of Trust, Settlement Statement, Renewal Note, Second Deed of Trust, and the assignments of the Second Deed of Trust to its amended complaint in support of its requested relief. (*See* doc. 29 at 8-66.)

Under the first factor, Plaintiff is not seeking monetary damages, but a judgment declaring that it has a superior lien interest in the Property and that "Defendant's lien is released as a cloud on title." (doc. 30 at 10.) As for the second factor, there are no material issues of fact apparent from the record, and there is a strong public interest in maintaining accurate property records. *See Nueces Cty., Tex. v. MERSCORP Holdings, Inc.*, No. 2:12-CV-00131, 2013 WL 3353948, at *14 (S.D. Tex. July 3, 2013) (acknowledging that "the maintenance of accurate property records is a matter of public concern"); *see also* Tex. Local Gov't Code § 201.002 ("recognizing the central importance of local government records in the lives of all citizens"). Although the default appears to be technical in nature (third factor), Plaintiff is prejudiced and harmed by the continued delay in this case, which is the fourth factor. *See United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL

6

301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding that a plaintiff's interests were prejudiced because the defendant's failure to respond brought the adversary process to a halt). Under the fifth and sixth factors, the grounds for default are clearly established, and a default judgment is not unusually harsh under these facts, as Defendant received ample notice of this action and sufficient time to respond. *See Lindsey*, 161 F.3d at 893. The seventh, eighth, and ninth factors similarly favor default judgment because Defendant has not offered any evidence that the failure to answer was the product of a good faith mistake or excuse, Plaintiff has not contributed to the delay in this case, and there does not appear to be any basis upon which the Court would be obligated to set aside the default. Plaintiff has accordingly met the procedural requirements for default judgment. *See Ramsey*, 2016 WL 1701966, at *3.

No material issues of fact have been placed in dispute due to Defendant's failure to respond to the lawsuit. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Because Defendant was properly served in this action and failed to answer or otherwise defend itself, the grounds for default judgment are clearly established. (*See* doc. 12.) Accordingly, the procedural prerequisites for a default judgment are satisfied.

B.  **Entitlement to Judgment and Remedies**

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The relief requested in a plaintiff's complaint limits the relief available in a default judgment. *See Sapp v. Renfroe*, 511 F.2d 172, 176 n.3 (5th Cir. 1975). "After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014

7

(5th Cir. 1987).

Here, Plaintiff seeks a declaration that it is owner or holder of the Renewal Note, the beneficiary of the Second Deed of Trust, and a "mortgagee" as defined under § 51.0001(4) of the Texas Property Code. (docs. 29 at 6; 30 at 10.) It also seeks an order declaring that it holds a superior lien to the Property and releasing Defendant's lien as a cloud on title. (*Id.*)[3]

### 1. *Mortgagee Status Declaration*

The federal Declaratory Judgment Act (Act) provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 3:08-CV-165-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (citations and internal quotation marks omitted). The Act is an authorization and not a command, and allows federal courts broad, but not unfettered, discretion to grant or refuse declaratory judgment. *Id.*

Under the Texas Property Code,[4] a "mortgagee" is "the grantee, beneficiary, owner, or holder

---

[3]Plaintiff's amended complaint also requested attorney's fees and costs, but none were requested in the motion for default judgment. (*See* doc. 29 at 6.)

[4]"It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.' " *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). In this diversity case, the Property is located in Texas, and the parties do not dispute that Texas law applies. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."); *see also Faloona by Fredrickson v. Hustler Magazine, Inc.*, 799 F.2d 1000, 1003 (5th Cir. 1986) (citing *Duncan*, 665 S.W.2d at 421) (contacts to take into account in determining the applicable law include the place of contracting and place of

of a security instrument"; "a book entry system"; or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code Ann. § 51.0001(4). Plaintiff provides a copy of the Renewal Note endorsed in blank and alleges that it has physical possession of it. (*See* doc. 29 at 3, 9-12.) It also provides copies of the Second Deed of Trust and the assignments that conveyed the Second Deed of Trust to Plaintiff. (*Id.* at 14-35.) Plaintiff has established that it is the holder and owner of the Renewal Note, the beneficiary of the Second Deed of Trust, and that it is the last entity to whom the Second Deed of Trust was assigned of public record. *See* Tex. Prop. Code Ann. § 51.0001(4). Because it has established that it qualifies as a mortgagee under § 51.0001(4) of the Texas Property Code, its request for declaratory relief should be granted. *See Deutsche Bank Nat'l Tr. Co. as Tr. for Long Beach Mortg. Loan Tr. 2001-2 v. Blank*, No. 3:19-CV-1715-L, 2020 WL 981016, at *3 (N.D. Tex. Feb. 27, 2020) (granting default judgment that "Deutsche Bank, as holder of the Note and beneficiary of the Security Instrument, is a mortgage as this term is defined under Section 51.0001(4) of the Texas Property Code").

### 2.     *Quiet Title Claim*

Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a "cloud" on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid. *See Warren v. Bank of America, N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014) (citing *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.–Houston [1st Dist.] 2011, no pet.)). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty

---

performance).

9

to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.–Beaumont 2000, pet. denied). The plaintiff must recover on the strength of her own title, not on the weakness of her adversary's title. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.–Corpus Christi 2001, no pet.). The plaintiff has the burden of establishing her superior equity and right to relief. *Wagner v. CitiMortgage, Inc.*, 995 F. Supp. 2d 621, 626 (N.D. Tex. 2014) (citing *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.–Houston [1st Dist.] 2009, pet. denied)).

  Based upon the well-pleaded allegations in the amended complaint, which are accepted as true, and the exhibits attached to its motion, Plaintiff has demonstrated all of the elements required to remove cloud from title. It has shown that it has an interest in the Property by providing the Renewal Note, Second Deed of Trust, and the assignments of the Second Deed of Trust. (*See* doc. 29 at 9-35); *see, e.g., Ocwen Loan Servicing, LLC v. Martinez*, No. 3:19-CV-0090-B, 2019 WL 2326114, at *5 (N.D. Tex. May 31, 2019) ("Ocwen demonstrates that it has an interest in the property by providing the series of assignments that brought the deed of trust into its possession."). It has also shown that the First Deed of Trust creates a cloud on the title because a release of lien by Defendant was never recorded after the Second Deed of Trust was executed. *See Airvantage, L.L.C. v. TBAN Props. # 1, Ltd.*, 269 S.W.3d 254, 258 (Tex. App.–Dallas 2008, no pet.) ("A 'cloud' on legal title includes any deed, contract, judgment lien or other instrument, not void on its face, which purports to convey an interest in or makes any charge upon the land of the true owner, the invalidity of which would require proof."). Finally, Plaintiff has shown that Defendant's lien on the Property is invalid because the Settlement Statement shows that the total loan payoff owed under the First Deed of Trust had been satisfied. (doc. 29 at 63, 65); *see In re Brown*, 375 B.R. 348, 352

n.3 (Bankr. E.D. Tex. 2007) (citing *Spencer-Sauer Lumber Co. v. Ballard*, 98 S.W.2d 1054 (Tex. Civ. App.—San Antonio 1936, no writ) ("Under Texas law, payment of the mortgage debt extinguishes the encumbrance."). Plaintiff has shown that it is entitled to default judgment on its quiet title claim. *See Warren*, 566 F. App'x at 382; *see, e.g., U.S. Bank Nat'l Ass'n v. Garza*, 2019 WL 311872, at *4 (S.D. Tex. Jan. 24, 2019) (granting default judgment on a quiet title claim).

### III. RECOMMENDATION

Plaintiff's motion for default judgment should be **GRANTED**.

**SO RECOMMENDED** on this 14th day of May, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE